UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Tiffany Dockum,<br><br>    Plaintiff,<br><br>v.<br><br>Wells Fargo Home Mortgage Inc.,<br><br>    Defendant. | COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, TELEPHONE CONSUMER PROTECTION ACT, IOWA CONSUMER CREDIT CODE AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## PARTIES

1. Plaintiff, Tiffany Dockum, ("Tiffany"), is a consumer.

2. Defendant, Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), is a California corporation that resides in Iowa with a principal place of business in Des Moines.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. The Court has supplemental jurisdiction over the state law Iowa Consumer Credit Code claim.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this District.

## STATEMENT OF FACTS

5. On October 4, 2011, Tiffany received a Chapter 7 bankruptcy discharge.

6. America's Servicing Company (ASC) was given notice of her bankruptcy petition.

7. ASC is a division of Wells Fargo Home Mortgage.

8. The Mortgage debt previously collected by ASC was discharged.

9. ASC is a debt collector because it regularly collects and attempts to collect debts that are in default related to residential mortgages.

10. Wells Fargo Home Mortgage is a debt collector because its ASC division is a debt collector.

11. Despite the bankruptcy discharge, on several occasions, Wells Fargo willingly and knowingly used an automatic telephone dialing system ("ATDS") to call Tiffany on her cellular phone and called Tiffany using pre-recorded or artificial voices multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

12. Wells Fargo called an estimated 100 times during the time period between October 16, 2013 and December 2013.

13. Tiffany did not give Wells Fargo express written consent to call her using an ATDS or call using artificial and pre-recorded voices on her cellular phone.

14. Tiffany requested Wells Fargo to cease further calls to Tiffany on multiple occasions.

15. Despite this request, Wells Fargo continued to contact Tiffany, on numerous occasions, on her cellular phone in connection with the collection of the debt related to the residential mortgage that was discharged in bankruptcy.

16. Wells Fargo caused Tiffany emotional distress.

17. Wells Fargo violated the TCPA and FDCPA and Iowa Credit Code.

## COUNT ONE

### Violations of the Telephone Consumer Protection Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## COUNT TWO

### Violations of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false representation about the "character, amount, or legal status of any debt" by attempting to collect a debt discharged in bankruptcy.

22. Defendant violated 15 U.S.C. § 1692c(1) by calling at times known to be inconvenient.

23. Defendant violated 15 U.S.C. § 1692d by engaging in collection harassment.

## COUNT THREE

### Violations of the Iowa Consumer Credit Code

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated Iowa Code § 537.7103(f) by taking collection action prohibited by law by attempting to collect a debt discharged in bankruptcy.

26. Defendant violated 537.7103(2)(b) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at time known to be inconvenient, with intent to annoy or harass Plaintiff.

27. Defendant violated 537.7103(4)(b) by failing, in every communication with the Plaintiff, to state the communication is from a debt collector and that any information obtained would be used for that purpose.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

   a. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   b. Judgment against Defendant for actual and statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   c. Judgment against Defendant for actual and statutory damages, costs and attorney's fees under 15 U.S.C. § 1692k.

   d. Judgment against Defendant for actual damages, penalties, costs and attorney's fees under Iowa Code § 537.5201.

   e. For such other legal and/or equitable relief as the Court deems appropriate.

```
                                    RESPECTFULLY SUBMITTED,
                                    Hyslip & Taylor, LLC LPA

                                    By:    /s/ JD Haas
                                    One of Plaintiff's Attorneys
```

JD Haas, Of Counsel
Hyslip & Taylor LLC LPA
917 W. 18th St., Suite 200
Chicago, IL 60608
312-508-5480